UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 10, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AFTERMARKET AUTOMOTIVE LIGHTING
PRODUCTS ANTITRUST LITIGATION

MDL No. 2007

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiff Dynacorn, Inc., has moved, pursuant to 28 U.S.C. § 1407, for centralization of three actions in the Central District of California. Responding defendants[1] do not oppose plaintiff's motion. Plaintiffs in the two other actions and plaintiffs in three Central District of California potential tag-along actions support centralization in the Central District of California. While supporting centralization, plaintiffs in a Central District of California action (*Sabry Lee*) and potential tag-along action (*Flash Sales*) request coordination of the actions, as opposed to consolidation.

This litigation currently consists of three actions listed on Schedule A and pending in the following districts: two actions in the Central District of California and an action in the Southern District of California.[2]

After considering all argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations that the defendants conspired to fix, raise, maintain or stabilize prices, and/or artificially manipulate the market, for aftermarket automotive lighting products in the United States, in violation of federal and/or state antitrust law. Centralization under Section 1407 will

---

[*] Judge Hansen took no part in the decision of this matter.

[1] Responding defendants include Maxzone Vehicle Lighting Corp.; Genera Corp.; and E-Lite Automotive, Inc.

[2] In addition to the three actions now before the Panel, the parties have notified the Panel of five related actions pending in the Central District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The responding plaintiffs' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation*, 374 F.Supp.2d 1348, 1349-50 (J.P.M.L. 2005).

We are persuaded that the Central District of California is an acceptable transferee forum for this litigation. No party opposes centralization in this district, where all but one of the actions are currently pending before Judge George H. Wu. In addition, several defendants are headquartered within the Central District of California and accordingly pertinent documents and witnesses are likely located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: AFTERMARKET AUTOMOTIVE LIGHTING**
**PRODUCTS ANTITRUST LITIGATION**                                      MDL No. 2007

## SCHEDULE A

<u>Central District of California</u>

Sabry Lee, Inc. v. Genera Corp., et al., C.A. No. 2:08-5758
Dynacorn Autobody Parts, Inc. v. Genera Corp., et al., C.A. No. 8:08-1158

<u>Southern District of California</u>

California Customs, Inc. v. Genera Corp., et al., C.A. No. 3:08-1900